(No. 4129—■■■■■■■■■)

LAWRENCE LANDRETH, Claimant, vs. STATE OF ILLINOIS, Respondent.

Opinion filed January 11, 1949.

JOSEPH B. SIEMER, Attorney for Claimant.

HON. GEORGE F. BARRETT, Attorney General, for Respondent; C. ARTHUR NEBEL, Assistant Attorney General, of Counsel.

DAMRON, J.

DAMRON, J.

The claimant, Lawrence Landreth, on the 2nd day of December, 1947, was an employee of the respondent, in the Department of Mines and Minerals, Division of Oil and Gas. On that day, he received orders from his superior to appear as a State witness in a trial at the Effingham County court house. He responded and testified. After testifying, the claimant immediately left the court house and started for his automobile which was parked a block west of the court house and one-half block south on Fifth Street in Effingham.

At the place where his car was parked, an addition was being added to a building, and there a group of boys was playing in a sand and gravel pile; just as the claim-

ant, who wore eye-glasses, was proceeding to unlock his automobile, one of the boys threw a stone, striking claimant, shattering the lens over his left eye, causing fragments of it to penetrate the pupil of his left eye. He was immediately taken into the office of an optometrist, who examined the injury and called Dr. Glen R. Marshall of Effingham, who removed the fragments of the lens from his eye.

On August 23, 1948, Dr. Glen R. Marshall filed a report relative to the injury of claimant which reads as follows:

"On examination, a piece of his lens was found to have penetrated the eyeball, cut in a rather large place at the limbus. The anterior chamber was completely collapsed. The iris was bulging through the hole.

The glass was removed. Patient was advised hospitalization but insisted on going home at which place he was treated with ice bags and penicillin. . . . His eye quieted down and appears to be fairly well healed. The last vision I have recorded is 20/20 and in the injured eye 20/400."

On November 20, 1948, the claimant was examined by Dr. S. F. Henry of Effingham. His report is a part of this file. Part of said report reads as follows:

"I find by examination that the pupil of his left eye is elongated and a definite scar on the cornea, toward the inner canthus only partially over pupil. . . . The eyeball feels a bit harder, firmer than the right eye.

The pupil does not react to light, or accommodation. I can see a large dark area in the outer lower retina which is perhaps a detachment.

He says he cannot see out of this eye. Vision in the right eye is 20/30 without glasses and 20/20 with $\neq$ .50 for distance.

I used a red glass over his good right eye and all figures written on a card in red could not be seen by him yet black ones were; so from my examination I feel sure this man is blind in his left eye and from the history of an accident on December 2, 1947, coupled with the fact that I have previously tested this man's eyes for glasses on April 25, 1945 and then with $\neq$ .50 cylinder $\neq$ .75 axis 180 he had 20/20 vision in his left eye.

From the above, I conclude that this man now is blind in his left eye, which is due to an accident."

The record discloses that since September 1, 1945 his annual salary amounted to $2,880.00. He is married, was 60 years of age and had no children under the age of 16 years dependent upon him. The record further discloses that the respondent had immediate notice of the injury and all provisions of Section 24 have been fully complied with.

On the basis of this record we make the following finding: That on December 2, 1947, Lawrence Landreth, the above named claimant, was injured during the course of his employment for the respondent and as a result of said injury he is industrially blind in his left eye for which he is entitled to an award; that his average weekly wage was $55.38; and that his weekly compensation rate was $19.50.

An award is hereby entered in favor of Lawrence Landreth in the sum of Two Thousand Three Hundred and Forty Dollars ($2,340.00) to compensate him for the loss of vision of his left eye to be paid to him at $19.50 per week for 120 weeks, as provided under Sec. 8, Par. (e) of Workmen's Compensation Act.

The record further discloses that claimant paid to Dr. Glen R. Marshall the sum of Forty-two Dollars and Fifty Cents for medical treatment rendered by him, for which claimant is entitled to be reimbursed.

An award is therefore hereby entered in favor of Lawrence Landreth for Forty-two Dollars and Fifty Cents ($42.50) for that purpose.

Of the sum awarded him for the loss of vision of his left eye, there is now accrued as of January 11, 1949, the sum of One Thousand One Hundred and Thirty-one Dollars ($1,131.00) representing 58 weeks, which together with the medical expenses totals One Thousand One Hundred and Seventy-three Dollars and Fifty Cents

($1,173.50) and is payable forthwith. The remainder of said award, amounting to the sum of One Thousand Two Hundred and Nine Dollars ($1,209.00), is payable to claimant at the rate of $19.50 per week beginning January 19, 1949, and continuing weekly thereafter for 62 weeks at said compensation rate until the last mentioned sum is fully paid.

Claimant herein having suffered the complete loss of vision of an eye, under Section 8, Paragraph (e), Subparagraph 20, requires that payment be made into the special fund in the amount of One Hundred Dollars ($100.00).

Award is therefore hereby made as follows:

To the State Treasurer of the State of Illinois, as ex-officio custodian of the Workmen's Compensation special fund, the sum of One Hundred Dollars ($100.00); said sum to be held and disbursed by the said State Treasurer in accordance with the provisions of the Workmen's Compensation Act of this State.

This award is subject to the approval of the Governor as provided in Section 3 of "An Act concerning the payment of compensation awards to State employees."